IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| In re:<br><br>CAPITAL ONE 360 SAVINGS ACCOUNT<br>INTEREST RATE LITIGATION | MDL No. 1:24md3111 (DJN)<br><br>This document relates to<br>ALL CASES |

### PRETRIAL ORDER NO. 1
### (Appointing Plaintiffs' Lead Counsel)

This matter comes before the Court on Plaintiffs' Unopposed Motion for Appointment of Lead Counsel (ECF No. 4). To facilitate the progress of this action, the Court hereby ORDERS as follows:

1. Pursuant to Federal Rule of Civil Procedure 23(g)(3), and for good cause shown, the Court hereby APPOINTS Chet M. Waldman of Wolf Popper LLP as Plaintiffs' Lead Counsel and Interim Class Counsel for the putative classes and subclasses. In addition, the Court hereby APPOINTS Matthew B. Kaplan of the Kaplan Law Firm as Plaintiffs' Local Counsel.

2. Within seven (7) days of the date of this Order, Defendants shall propose a specific lawyer as Defendants' Lead Counsel, together with a general description of that lawyer's qualifications and experience. If proposed Lead Counsel is not a member of the bar of this Court, then Defendants shall also propose a specific lawyer as Defendants' Local Counsel.

3. The Court hereby GRANTS Plaintiffs leave to amend their pleadings. Fed. R. Civ. P. 15(a)(2). Plaintiffs' Lead Counsel may file a Consolidated Amended Complaint ("CAC") on or before **July 1, 2024**. The CAC shall specify whether the parties intend it to "supersede prior individual pleadings" or merely function as an administrative summary. *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 n.3 (2015); *see Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 488–

90 (7th Cir. 2020) (encouraging courts and parties to "decide explicitly, from the beginning, the legal status of the consolidated complaint(s)").

4. Defendants shall respond to the CAC no later than **July 26, 2024**. If Defendants move to dismiss the CAC in whole or in part, Plaintiffs' opposition shall be due on **August 23, 2024**, and Defendants' reply shall be due on **September 13, 2024**.

5. Defendants consent, and the Court now recognizes, that the CAC may include additional plaintiffs, claims and subclasses. Any such additional plaintiffs, claims and subclasses shall be deemed to have been joined in *Hopkins v. Capital One, N.A.*, No. 1:24cv292. Pursuant to Rule 21, the Court hereby GRANTS Plaintiffs leave to join additional parties in their CAC. *Age of Majority Educ. Corp. v. Preller*, 512 F.2d 1241, 1245–46 (4th Cir. 1975) (en banc) (holding that an amendment that adds or drops parties requires leave of court under Rule 21).

6. The Court hereby DENIES AS MOOT Defendants' Motion to Dismiss the Second Amended Complaint in *Savett v. Capital One, N.A.*, No. 1:23cv890 (ECF No. 32), pending the filing of a CAC.

7. The Court hereby STAYS Defendants' obligation to respond to the complaints in each Member Case until further order of the Court.

8. Following the filing of Plaintiffs' CAC, the parties shall meet and confer regarding page limitations for briefs related to any motion to dismiss. The parties will move the Court for any page limit extensions in advance of Defendants' deadline to respond. Local Rule 7(F)(3).

\*   \*   \*

To summarize, the Court hereby GRANTS Plaintiffs' Unopposed Motion for Appointment of Lead Counsel (ECF No. 4) on the terms set out above. In addition, the Court

hereby DENIES AS MOOT Defendants' Motion to Dismiss the Second Amended Complaint in *Savett v. Capital One, N.A.*, No. 1:23cv890 (ECF No. 32).

The Clerk is DIRECTED to provide a copy of this Order to all counsel of record and file this Order on the MDL docket and the MDL Website.

It is so ORDERED.

                                        /s/
                                      David J. Novak
                                      United States District Judge

Alexandria, Virginia
Date: June 24, 2024